UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY GILES, ANDREW WALLACE, JR. and SHERRY WALLACE, <br><br>  Plaintiffs, <br><br> v. <br><br> WEEK TV, aka CHANNEL 25 Owened by GRANITE BROADCASTING COMPANY, <br><br>  Defendant. | Case No.   16-cv-1030 |

## O R D E R & OPINION

This matter is before the Court on Plaintiffs' Motion to Remand the case to state court. (Doc. 10).  As discussed below, Plaintiffs' motion is denied. The Court has subject-matter jurisdiction on the basis of 28 U.S.C. § 1332, and removal was proper.

### BACKGROUND

On December 23, 2015, Plaintiffs Antonio Giles, Andrew Wallace, Jr. and Sherry Wallace ("Plaintiffs") filed a two-count Complaint against Defendant Granite Broadcasting Company ("Defendant") in the Circuit Court of Peoria County, Illinois for negligence and negligent infliction of emotional distress. (Doc. 7-2). The allegations in the Complaint relate to events that took place in Washington, Illinois in the aftermath of an F4 tornado that wreaked havoc on the city. (*See id.* at ¶ 2). Following the tornado, Plaintiffs sought and received a special permit to pick up

recyclable items as part of the City's cleanup efforts. (*Id.* at ¶¶ 3-7). On December 10, 2013, a cameraman working for WEEK TV (which was then owned by Defendant) filmed Plaintiffs collecting items in accordance with the permit and then reported to the police that Plaintiffs were looting. (*Id.* at ¶ 15; Doc. 13 at 5). The cameraman then filmed Plaintiffs' subsequent false arrest, and the footage was later aired on television. (Doc. 7-2 at ¶ 17). Plaintiffs were detained for seventy-two hours following the arrest. (*Id.* at ¶ 20).[1]

Defendant was served with the Complaint on December 29, 2015 (Doc. 7-1 at 2), and subsequently filed a Notice of Removal on January 25, 2016 (Doc. 1), and an Amended Notice of Removal on January 29, 2015. (Doc. 7). Defendant removed the case on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (Doc. 7). Plaintiffs moved to remand the case on February 23, 2016. (Doc. 10). The case was originally assigned to Senior District Judge Michael Mihm, but he determined that it is related to Central District of Illinois Case No. 14-1457, which is currently pending in this Court, and transferred it to here on March 14, 2016.

## DISCUSSION

A defendant may remove an action filed in state court to a federal district court when the district court would have original jurisdiction over the matter. 28

---

[1] The Court notes that the facts giving rise to Plaintiffs' claims are nearly identical, if not identical, to the facts in another case currently pending before it, *Wallace v. City of Washington*, Case No. 14-1457. In that case, the same Plaintiffs brought a claim against this Defendant for defamation of character. (*See* First Am. Compl., Case No. 14-1457, Doc. 15 at 11-12). The Court granted Defendants' motion for judgment on the pleadings, and dismissed the defamation claim as time barred. (Case. No. 14-1457, Doc. 40). A final judgment in Defendant's favor has not yet been entered in that case, as the defamation claim and other claims remain pending against other defendants. (*See* Case No. 14-1457, Doc. 45).

2

U.S.C. § 1441(a). But, if the federal district court would have original jurisdiction solely on the basis of diversity under 28 U.S.C. § 1332(a) and the defendant is a citizen of the State in which the action is brought, the action is not removable. 28 U.S.C. § 1441(b)(2).

In this case, Defendant asserts that the case is removable pursuant to § 1441(a) because the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant asserts that Plaintiffs are all citizens of Illinois, (Doc. 7 at ¶ 6), that it is a citizen of Delaware and New York, (*see id.* at ¶ 7), and that the alleged amount in controversy exceeds $75,000. (*Id.* at ¶ 5). If this is all true, removal is proper. *See* 28 U.S.C. §§ 1332, 1441. Plaintiffs, however, argue that the Court lacks jurisdiction. (*See* Doc. 10). They say the parties aren't diverse and the amount in controversy does not exceed $75,000. (*Id.* at 13-15). Neither of Plaintiffs' arguments has merit.

I.   **Diversity of Citizenship**

Plaintiffs argue that while Defendant states it is a Delaware corporation with a principal place of business in New York, it "does not claim to be a citizen of [any] state." (Doc. 10 at 15). Plaintiffs go on to suggest that because Defendant's former television station – WEEK TV – is based in Illinois, Defendant must be a citizen of Illinois. (*Id.*). If Plaintiffs were correct, the Court would not have diversity jurisdiction because all parties would be citizens of Illinois. *See* 28 U.S.C. § 1332(a). However, this position is contrary to both statutory text and well-settled case law.

Plaintiffs do not dispute that Defendant is a Delaware corporation and that its principal place of business is in New York. (*See* Doc. 10 at 15). As such, under the diversity jurisdiction statute, Defendant is a citizen of both Delaware and New

3

York. *See* 28 U.S.C. § 1332(c)(1) (deeming a corporation a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."). Contrary to Plaintiffs' suggestion, a corporation is not a citizen of every state in which it does business; the place of business must be its principal place of business. The phrase "principal place of business" in § 1332(c)(1) "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters. . . ." *Id.* at 93. Here, it is undisputed that that state is New York.

The fact that one of the television stations Defendant owned is based in Illinois does not change this analysis. When a business such as WEEK TV does not have a separate corporate existence from its owner, courts look to the corporation as the entity that matters in establishing diversity jurisdiction. *See Brunswick Corp. v. Jones*, 784 F.2d 271, 275 n.3 (7th Cir. 1986); *GE Healthcare v. Orbotech, Ltd.*, No. 09-C-0035, 2009 WL 2382534, at *4 (N.D. Ill. July 2, 2009). Plaintiffs have not argued that WEEK TV has a separate corporate existence; instead they have sued Granite. So, here the Court looks to Granite's citizenship, which is determined pursuant to 28 U.S.C. § 1332(c)(1). *See Brunswick Corp.*, 784 F.2d at 275 n. 3.

Defendant is a citizen of Delaware and New York, and Plaintiffs are all citizens of Illinois. There is complete diversity pursuant to § 1332(a)(1). So long as the amount in controversy exceeds $75,000, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is appropriate pursuant to 28 U.S.C. § 1441.

4

## II. Amount in Controversy

In their complaint, Plaintiffs seek $400,000 in damages: $300,000 for the negligence claim and $100,000 for the negligent infliction of emotional distress claim. (Doc. 7-2 at ¶¶ 24, 30). These stated claims for relief are greater than the statutory minimum required for diversity jurisdiction to vest. *See* 28 U.S.C. § 1332(a).

When a defendant seeks to remove a state court case initiated by a complaint that includes an accurate and reliable request for a specific amount of damages (or *ad damnum* clause), the stated amount is controlling for purposes of determining the amount in controversy unless recovering that amount is legally impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). In the absence of such a number, a removing defendant must "establish a reasonable probability that the amount in controversy exceeds $75,000" through some other method. *Rising-Moore*, 435 F.3d at 815 (internal quotation marks omitted). One such way includes "by reference to the plaintiff's informal estimates or settlement demands . . . ." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006).

Plaintiffs argue that their *ad damnum* clause should be discounted because they included it in error. In Illinois courts, "no *ad damnum* may be pleaded except to the minimum extent necessary to comply with the circuit rule of assignment where the claim is filed." 735 Ill. Comp. Stat. 5/2-604. Complaints that include an *ad damnum* clause in violation of the rule "shall, on motion of a defendant or on the court's own motion, be dismissed without prejudice." *Id*. Yet, in violation of that

rule, Plaintiffs included an *ad damnum* clause that placed their damages well-above the $75,000.0 threshold.

The *ad damnum* clause controls here and establishes that the amount in controversy is more than $75,000. *See Rising-Moore*, 435 F.3d at 815. The fact that Plaintiffs included an *ad damnum* clause in error does nothing to call into question the accuracy or reliability of their original estimation of damages; the Illinois statute just dictates that they should not have included that estimation as part of their filed complaint. As the Seventh Circuit has explained, "[a] removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation." *Id.* at 816. That's what the *ad damnum* clause in Plaintiffs' complaint shows, even though it was included contrary to state law and could have served as a basis for dismissal. *See id.*[2]

Plaintiffs also argue that "with legal certainly [sic] the amount in controversy is really for less than $75,000.00." (Doc. 10 at 14). Showing that it would be legally impossible for a plaintiff to recover more than $75,000 is one way to defeat diversity jurisdiction. *See Rising-Moore*, 435 F.3d at 815. Plaintiffs explain that the damages

---

[2] This conclusion is buttressed by the types of evidence courts may consider in the absence of an *ad damnum* clause. In *Rising-Moore*, the Seventh Circuit held that a removing defendant can rely upon a plaintiff's initial settlement demand to establish diversity jurisdiction. 435 F.3d at 816. It explained that a pre-discovery, out-of-the-gates, estimate of a case's worth "is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status." *Id.* Even supposing that the Illinois state court had dismissed the complaint for improperly including an *ad damnum* amount, Plaintiffs' requested relief communicated to Defendant what they hoped to get out of the litigation. In that regard, the demand is like an initial settlement demand and puts the amount in controversy above $75,000. *See id.*

6

arise "from unemployed Plaintiffs, who were salvaging 'junk' from a tornado clean up area," were "detained in a local jail for three days," and "only one Plaintiff [has] sought and received professional counseling as a result of Defendant's negligence." (*Id.*). This argument does not show that Plaintiffs *cannot* recover more than $75,000 as a matter of law; rather, it is a post-removal recalculation of the amount of damages to which they are entitled.

Such a recalculation of damages does not oust the Court of jurisdiction. "[J]urisdiction is determined as of the instant of removal," and a plaintiff cannot seek remand on the basis of "a post-removal affidavit or stipulation" limiting damages. *In re Shell Oil Co.*, 970 F.2d 355, 357 (7th Cir. 1992). Here, Plaintiffs haven't even stipulated that damages are for $75,000 or less; they merely estimate that damages will not exceed $75,000. Even if they had stipulated, though, such a stipulation would come too late to strip the court of jurisdiction. *See id.*

The fact of the matter is simple. Plaintiffs included an *ad damnum* clause in their Complaint that asked for damages in excess of $75,000 and only argued that damages do not exceed $75,000 after the case was removed to federal court. The requested damages in the Complaint satisfy § 1332(a)'s requirements, so the Court has diversity jurisdiction.

**III.   Personal Jurisdiction**

One last matter must be addressed. Plaintiffs have devoted a perplexing amount of their brief to discussing the state court's personal jurisdiction over Defendant. This issue is irrelevant to resolving this Court's subject-matter jurisdiction over the case. If Plaintiffs are arguing that this Court lacks personal

7

jurisdiction over Defendant *because* the Illinois Circuit Court has jurisdiction over Defendant, they are incorrect. If the Illinois circuit court has personal jurisdiction over Defendant, this Court does, too. *See Intercom Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1060 (N.D. Ill. 2013), *aff'd* 791 F.3d 729 (7th Cir. 2015).

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 10) is DENIED.

Entered this 24th day of March, 2016.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
