UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY GILES, ANDREW WALLACE, JR. and SHERRY WALLACE,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>WEEK TV, aka CHANNEL 25 Owned by GRANITE BROADCASTING COMPANY,<br><br>　　　　Defendant. | Case No.  16-cv-1030 |

## O R D E R & OPINION

Plaintiffs Anthony Giles, Andrew Wallace, Jr. and Sherry Wallace have twice filed lawsuits against Defendant Granite Broadcasting Corporation ("Granite") that have ended up in this court. In *Wallace v. City of Washington* (C.D. Ill. Case No. 14-cv-1457), which is currently pending, the three sued Granite for defamation of character. (Case No. 14-cv-1457, Doc. 15 at 11). The Court held that this defamation claim was untimely, and dismissed it with prejudice on August 31, 2015. (Case No. 14-cv-1457, Doc. 40). Now, in this case, the same Plaintiffs have sued Granite for negligence and negligent infliction of emotional distress. (Doc. 7-2).

These three claims – defamation, negligence, and negligent infliction of emotional distress – are simply different theories of recovery that arise from the same set of facts and circumstances. For that reason, Defendant has moved to dismiss this action as duplicative of the earlier-filed action. (Docs. 11 and 15).

Plaintiffs have not filed a timely response, so the Court presumes that they do not oppose the motions *See* C.D. Ill. Loc. R. 7.1(B)(2).[1] For the reasons explained below, this case is DISMISSED.

## FACTUAL BACKGROUND

In November of 2013, an F4 tornado caused extensive damage in the City of Washington, Illinois. (Doc. 7-2 at 3-4). As part of its cleanup effort following the tornado, the City issued "Tornado Special Recycler's Permits," and allowed permit-holding private individuals to collect recyclables found on the public right of way. (*Id.* at 4).

Plaintiffs applied for and received a permit. While they were collecting recyclables pursuant to the permit on December 10, 2013,[2] a cameraman employed by Defendant filmed them and then contacted the police to report that Plaintiffs were looting. (*Id.*). Defendant then broadcasted the cameraman's footage, which included footage of City police arresting Plaintiffs. (*Id.*). As a result, Plaintiffs were falsely arrested and suffered reputational and other harm.

---

[1] By now, this appears to be a pattern. Plaintiffs regularly fail to respond to Defendant's motions. When Defendant moved for Judgment on the Pleadings in the earlier-filed case, Plaintiffs did not respond. (Case No. 14-cv-1457, Doc. 40), and when Defendant moved for Entry of Judgment under Rule 54(b) in the earlier-filed case, Plaintiffs again failed to respond. (Case No. 14-cv-1457, Doc. 45). Plaintiffs did not even brief the issue of whether this litigation is duplicative of the earlier litigation after the Court *ordered* both parties to do so. (Dkt. at Text Order of March 24, 2016).

[2] The text of the Complaint incorrectly alleges that Plaintiffs were collecting recyclables on December 10, 2014. Plaintiffs made the same mistake in the earlier case. (*See* Case No. 14-cv-1457, Doc. 40 at 5-6)

2

**PROCEDURAL BACKGROUND**

A. **The Earlier-Filed Case – 14-cv-1457**

On November 5, 2014, Plaintiffs filed a complaint in the Circuit Court of Tazewell County Illinois against the City of Washington, Washington's mayor, Washington's chief of police, and various police officers in Washington. (Case No. 14-cv-1457, Doc. 1-1). Those defendants removed the case to this Court on December 2, 2014. (Case No. 14-cv-1457, Doc. 1). On January 18, 2015, Plaintiffs filed an Amended Complaint in that case, in which they added a claim for defamation of character against Granite. (Case No. 14-cv-1457, Doc. 15 at 1, 11-12). This defamation was premised upon the same facts that underlie this case: Granite's cameraman reporting Plaintiffs to the police for looting, and Granite broadcasting a story that showed the footage and identified Plaintiffs as looters. (*Id.* at 11).

After filing an Answer (Case No. 14-cv-1457, Doc. 24), Granite moved for judgment on the pleadings on the basis that the defamation claim was time-barred under the one-year Illinois statute of limitations on defamation actions. (Doc. 39). The Court granted the motion on August 31, 2015, which resolved the only claim against Granite. (Case No. 14-cv-1457, Doc. 40). The Court has not entered final judgment, however, as claims remain pending against other defendants.

B. **The Second Case – 16-cv-1030**

Plaintiffs filed a second case – this case – against Granite in the Circuit Court of Peoria County, Illinois on December 23, 2015. (Doc. 7-2 at 3). Plaintiffs served Defendant on December 29, 2015 (Doc. 7-1 at 2), and Defendant subsequently filed a Notice of Removal on January 25, 2016 (Doc. 1) and an

Amended Notice of Removal on January 29, 2015. (Doc. 7). The case was originally assigned to Senior District Judge Michael Mihm, but he transferred it to this Court on March 14, 2016. On March 24, 2016, this Court denied Plaintiffs' motion to remand the case to state court (Doc. 14), which set the stage for deciding Defendant's motion to dismiss.

In Defendant's initial motion to dismiss, it first argues that the Court should dismiss the case pursuant to Section 6-219(a)(3) of the Illinois Code of Civil Procedure. (Doc. 11 at 5). The Court then ordered that the parties brief by April 8, 2016 whether it should stay or dismiss the case as duplicative of Case No. 14-cv-1457. (Text Order of March 24, 2016). Defendant filed its second motion following that Order.

## LEGAL STANDARDS

Duplicative actions are a waste of judicial time and resources and may be dismissed at the discretion of the court. Three separate doctrines inform the Court, here: claim preclusion, the doctrine against claim splitting, and its discretion to control its docket and preserve judicial resources through staying or dismissing duplicative parallel actions.

### Claim Preclusion

Claim preclusion, which is also referred to as res judicata, is a doctrine that is meant to preserve the finality of judgments. "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998). For

purposes of claim preclusion, a dismissal with prejudice based on an applicable statute of limitations constitutes a judgment on the merits. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996). And, "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *River Park*, 703 N.E.2d at 891.

## Claim Splitting

Courts apply the doctrine against claim splitting as a way of managing their dockets and eliminating duplicative litigation. *Katz v. Gerardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011). "The rule against claim-splitting requires [] plaintiff[s] to assert all of [their] causes of action arising from a common set of facts in one lawsuit." *Katz*, 655 F.3d at 1216 (10th Cir. 2011); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."). "Unlike *res judicata*, which may only be applied to dispose of an action following a final judgment on the merits in a prior action, courts have applied the doctrine of claim splitting before there is a final judgment in a prior action." *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941-42 (N.D. Ill. 2006); *see also Anaya v. DirecTV, LLC*, No. 14-cv-5703, 2016 WL 1383195, at \*6 (N.D. Ill. Apr. 7, 2016); *Telamon Corp. v. Charter Oak Fire Ins. Co.*, No. 11-cv-1446, 2016 WL 67297, at \*2 (S.D. Ind. Jan. 5, 2016); *Anderson v. Guaranteed Rate, Inc.*, No. 13 C 431, 2013 WL 2319138, at \*4 (N.D. Ill. May 28, 2013); *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 12 C 3229, 2013 WL 361810, at \*2 (N.D. Ill. Jan. 30, 2013); *Trading Tech. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3157304, at \*3 (N.D. Ill. July 26, 2011). "[T]he

5

test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Katz*, 655 F.3d at 1218; *Anderson*, 2013 WL 2319138, at *4.

### Duplicative Parallel Litigation

"As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Cases are duplicative when the "claims, parties, and available relief do not significantly differ between the two actions." *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another," *Serlin*, 3 F.3d at 223, and should "exalt substance over form when determining whether [an] action is duplicative. *Ridge Gold*, 572 F. Supp. at 1214.

### DISCUSSION

This case must be dismissed, as Plaintiffs have impermissibly split their claims between two lawsuits currently pending before this Court.[3] This later-filed action is duplicative of the earlier-filed one.

---

[3] Defendant has not explicitly asked the Court to dismiss this action on the ground that Plaintiffs engaged in impermissible claim-splitting. However, it has asked that the Court dismiss the case pursuant to Section 6-219(a)(3) of the Illinois Code of Civil Procedure on the ground that "there is another action pending between the same parties for the same cause." (Doc. 11 at 5-7). Although Defendant's argument is based upon different legal authority, it very closely resembles an argument that Plaintiffs improperly split their claims between two lawsuits. (*Id.*).

### I. Plaintiffs have split their claims

At first glance, it might appear that Plaintiffs' claims are barred by claim preclusion because the Court dismissed with prejudice their claim for defamation against Defendant in the original case. (*See* Case No. 14-cv-1457, Doc. 40). Yet, the Court declined to enter a partial final judgment in Granite's favor in the original case, so there is no final judgment that would preclude Plaintiffs' claims in this case. (*See* Case No. 14-cv-1457, Doc. 45); *River Park*, 703 N.E.2d at 889.

That said, the claim preclusion inquiry remains relevant. If a final judgment in their first suit *would* preclude the second suit, Plaintiffs have impermissibly split their claims. *See Katz*, 655 F.3d at 1218; *Anderson*, 2013 WL 2319138, at *4. Let's suppose there is a final judgment in the original case and explore whether it would preclude these claims.

Under Illinois law,[4] a final judgment entered in the original case would preclude Plaintiffs' claims in this case so long as (1) the court has jurisdiction in the

---

The Court will not resolve Defendant's motion on the ground that Section 6-219(a)(3) requires dismissal. Federal courts deal with duplicative litigation through distinct legal doctrines such as *Colorado River* abstention (in the case of a concurrent state court proceeding) and the rule against claim splitting (in the case of a concurrent federal court proceeding). These are procedural, rather than substantive, issues, so Illinois civil procedure "should not [ ] play[] any role in the decision whether to retain or dispose of this litigation." *AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 277-78 (7th Cir. 2003).

[4] When a federal court exercises federal-question jurisdiction over a case, the "uniform federal rules of *res judicata*" apply to its judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). But, the preclusive effect of a judgment issued by a federal court exercising diversity jurisdiction is determined by the law of the state in which the court sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). In the original case, Plaintiffs brought a supplemental state law defamation claim against Granite, from whom they are diverse, (Case No. 14-cv-1457, Doc. 15 at 2, 11-12 (claiming jurisdiction is based on 28 U.S.C. § 1332)), so the Court applies

original case; (2) the parties are the same; (3) the judgment is on the merits; and (4) the causes of action are the same. *See River Park*, 703 N.E.2d at 889.

Here, a final judgment in the original case would satisfy all four criteria. The Court's jurisdiction in the original case is not disputed. The parties are the same. The Court dismissed the defamation claim after determining that it was barred by the applicable statute of limitations, which qualifies as a final judgment on the merits under Illinois law. *See Rein*, 665 N.E.2d at 1204. And the original case and this case are based on a single cause of action because they raise separate theories of relief based upon a single group of operative facts: the cameraman's report to the police and the subsequent broadcast of the cameraman's footage. *See River Park*, 703 N.E.2d at 891.

This means that Plaintiffs have impermissibly split their claims. *See Katz*, 655 F.3d at 1218; *Anderson*, 2013 WL 2319138, at *4. Rather than bringing this new lawsuit, they should have sought to include the claims as part of their original case. *Katz*, 655 F.3d at 1216 (10th Cir. 2011). The case is dismissed on this basis.

## II. Plaintiffs' Claims are Duplicative and Parallel

This case is also duplicative of and parallel to the earlier-filed action. *See Serlin*, 3 F.3d 221. In *Serlin*, the Seventh Circuit explained that a lawsuit can be dismissed when it is duplicative of a currently pending parallel action. *Id.* at 223. Although the *Serlin* court referred to duplicative actions that were pending in

---

Illinois law. *See Semtek*, 531 U.S. at 508; *Fresh Del Monte Produce Inc. v. Del Monte Foods, Inc.*, 13-CV-8997, 2016 WL 236249, at *3, n. 4 (S.D.N.Y. Jan. 20, 2016) (noting that state preclusion law applies to "claims premised upon diversity or supplemental claims").

different courts, *id.*, a district judge may dismiss a case that is duplicative of another case pending before it. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878, 888-89 (7th Cir. 2012).

The earlier-filed case remains pending, as the Court has yet to enter a final judgment in favor of Defendant. *See McGee v. Illinois Dep't of Transp.*, No. 02 C 0277, 2002 WL 31478261, at *8 (N.D. Ill. Nov. 5, 2002). The earlier-filed case is also duplicative of this case, as the claims, parties, and available relief do not significantly differ. *See Ridge Gold*, 572 F. Supp. at 1213. In each case, the relevant parties are identical, and they seek money damages for the same injuries. (*Compare* Doc. 7-2 at 5-7 *with* Case No. 14-cv-1457, Doc. 15 at 11). And the claims are not significantly different. Although they are labeled differently, the defamation, negligence, and negligent infliction of emotional distress claims are all based on the same harms that Plaintiffs suffered because Granite spread the same alleged falsehood about them in the same way.

When, as here, "the same party has filed both suits, and the claims and available relief do not significantly differ between the two actions," dismissal of the later-filed action is appropriate. *Wallis*, 44. F App'x at 205. Before dismissing this suit as duplicative, however, the Court "should consider any special factors counseling for or against the exercise of jurisdiction in the case." *Serlin*, 3 F.3d at 224 (internal quotation marks and citations omitted). Plaintiffs have not filed a response, so they have not identified any special factors in support of not dismissing the case. Special factors do counsel against retaining jurisdiction. There are two actions pending before this Court because of what appears to be Plaintiffs'

deliberate course of conduct. Nothing prevented Plaintiffs from including these two theories of recovery in their Amended Complaint in the earlier-filed case, and nothing prevented them from seeking a way to add them to the originally-filed case at some later point. Instead, Plaintiffs made a decision to split their claims and seek relief in two separate forums. As a result of this course of action, the Court is now "devoting scare judicial resources to the adjudication of the same charges." *Serlin*, 3 F.3d at 224 (quoting *Ridge Gold*, 572 F. Supp. at 1213). If Plaintiffs find that they cannot pursue these new theories of recovery, "that result will be entirely a consequence of the plaintiff[s'] own failure to follow the rules." *Id*. The case is dismissed on this basis, as well.

## Conclusion

Plaintiffs' Motions to Dismiss (Docs. 11 and 15) are GRANTED. This case is dismissed. If Plaintiffs wish to further pursue these claims, they must seek to include them in the earlier-filed case. IT IS SO ORDERED.

Entered this 20th day of April, 2016.

                                                                   s/Joe B. McDade
                                                            JOE BILLY McDADE
                                  United States Senior District Judge